## Beaven Bros. v. Ashland Home Tel. Co., Inc., et al.

February 22, 1949.

C. A. Noble for appellants.

Barney W. Baker for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

This action involves the right of the appellee, Roderic Combs, to the use of the trade name, Beaven Brothers, on his place of business in Hazard, and to have his business telephone listed in that name. On this appeal the appellants are contending that Combs has no right to use the trade name, Beaven Brothers.

The controversy can be better understood by a brief review of the history of the use of the disputed name. From about 1917 until 1927 the appellant, W. G. Beaven, and his brother, J. T. Beaven, Sr., operated a general painting and paper hanging business in Hazard. Their place of business and stock of goods were washed away in the flood of 1927. The proof shows that after 1927 J. T. Beaven, Sr., restocked a store and carried on that part of the business in his own right. W. G. Beaven and his sons, J. T. Beaven, and J. G. Beaven,

performed or supervised all of the actual work. J. T. Beaven, Sr., died in 1947. Early in 1948, his widow sold the business to the appellee, Roderic Combs. A dispute as to the right to use the trade name, Beaven Brothers, arose between the appellants and Combs and this litigation followed.

It is the contention of Combs that the partnership business between J. T. Beaven, Sr., and W. G. Beaven ended in 1927, and from that time on all the business of Beaven Brothers was carried on either by J. T. Beaven, Sr., or his widow. On the other hand, the appellants contend that, aside from the store, through which supplies were furnished by J. T. Beaven, Sr., after 1927, the business of Beaven Brothers was carried on in the usual manner. In other words, all contracts for the actual performance of work were partnership ventures. On this point the testimony for Combs is that W. G. Beaven and his sons were paid regular wages by J. T. Beaven, Sr., and that there was never any partnership business after 1927.

The case presents a rather unusual set of circumstances. There is no dispute whatever as to the manner in which the business was conducted prior to 1927, and after that date the same parties, J. T. Beaven, Sr., and W. G. Beaven, were engaged in the same business which they had conducted prior to 1927. Apparently, so far as the public was concerned, the business of Beaven Brothers was always conducted in the same manner. Unquestionably, there was a general painting and paper hanging business being transacted in Hazard under the name of Beaven Brothers. As we have noted, the proof for the appellants shows that they had an interest in the business insofar as the actual work was concerned. Furthermore, the testimony of Mrs. J. T. Beaven, Sr., a witness for Combs, shows that it was her understanding that W. G. Beaven had an interest in the contract end of the business. She said that W. G. Beaven and his sons were paid hourly wages. However, in answer to the question, ''Did you know that he and Wilbur Beaven no longer worked as partners?'' she answered. ''On contracts Wilbur got some.'' When asked if she meant that there was no partnership existing in the name of Beaven Brothers at the time of the death of her husband, she answered, ''Not unless they did contracting. They con-

tracted together.'' She said also that, while the trade name was mentioned when Combs first raised the question of buying the business, no mention was made of it on the day the sale was consummated, and also that she received nothing from the trade name.

The judgment shows the court recognized that W. G. Beaven and his sons had some interest in the Beaven Brothers' business. The question is, did he grant the appellants all the relief to which they were entitled? The pertinent part of the judgment follows: ''The said Roderic Combs is now enjoined and restrained from using the words 'Beaven Bros.' in any manner in connection with his business as painter and paper hanger in Hazard, Kentucky, except that on his place of business in Hazard, Kentucky, which he purchased from Mrs. J. T. Beaven he may use the words 'Beaven Bros.' on the window for a period of two years from the date of his purchase which was April — 1948, and he will be permitted to list his telephone at that place of business in the name of Beaven Bros. * * *''

The appellants cite the case of Spalding v. Spalding's Adm'r, 248 Ky. 259, 58 S.W.2d 356, in support of their argument that a partnership is dissolved by the death of one of the partners. Combs does not dispute this proposition, but insists that the appellants had no interest in the business conducted under the name of Beaven Brothers after 1927. In support of their contention it is significant that there was never a settlement of partnership affairs after the death of J. T. Beaven, Sr., and, so far as the record before us shows, the appellants have never insisted on any such settlement. On the other hand, we cannot escape the conclusion that W. G. Beaven had some interest in the partnership business after 1927. It may be that the store was restocked after that date solely by J. T. Beaven, Sr., but there were other essential phases of the business which appear to have been conducted as a partnership enterprise. We think Roderic Combs should be enjoined from using in any manner the trade name, Beaven Brothers.

Judgment reversed, with directions to set it aside, and for the entry of a judgment in conformity with this opinion.